UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | |
|---|---|
| RAMON O. CANELAS, *individually and on behalf of all others similarly situated*, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| | : |
| | : |
| FRANK & NINO'S PIZZA CORP, *d/b/a Nona's Pizza*; NAIM ELEZAJ, *a/k/a Nino Elezaj and a/k/a Nona Elezaj*; FIDAIM ELEZAJ, *a/k/a Frank Elezaj*; FAZLIJA ELEZAJ, | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

-------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:___5/11/2020___

19-CV-6105 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    Plaintiff Ramon Canelas has sued his former employer and its proprietors for violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor

Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*  Compl. (Dkt. 1) ¶¶ 1–2.  Plaintiff moves for

conditional certification of a collective pursuant to section 216(b) of the FLSA.  Mot. (Dkt. 43).

For the following reasons, Plaintiff's motion is GRANTED in part.

## BACKGROUND

    Plaintiff worked as a pizza maker for Defendant Frank & Nino's Pizza Corp. located at

6100 Riverdale Avenue, Bronx, New York ("Nona's Pizza") between June 2018 and March

2019.  Compl. ¶ 31; Canelas Aff. (Dkt. 44-4) ¶ 1.  During that time, individual Defendants

allegedly were managers or owners of Nona's Pizza.  Compl. ¶¶ 11–21; Canelas Aff. ¶¶ 13–15.

Plaintiff asserts, *inter alia*, that he worked approximately 74 hours per week, but Defendants

never paid him time-and-a-half for overtime.  Canelas Aff. ¶¶ 4, 9, 11. According to Plaintiff,

Defendants instead paid him a flat rate each week of $1,100.  *Id.* ¶ 7.

Plaintiff also asserts that several of his coworkers worked more than 40 hours per week

but did not receive overtime pay.  *Id.* ¶¶ 17, 18.  Plaintiff identifies 12 co-workers with whom he

had regular contact and conversations and learned about their work hours and pay.  *Id.* ¶¶ 19–

101.  On this basis, Plaintiff has moved for conditional certification of a collective action on

behalf of "all non-managerial tipped and non-tipped employees at Nona's Pizza" who were

employed during the three years preceding the date that Plaintiff filed the Complaint.  Pl.'s Mem.

of Law (Dkt. 45) at 14, 21; *see* Proposed Order (Dkt. 44-3).

## DISCUSSION

### I.     Legal Principles

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves

and other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether to certify a

collective action, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624

F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly

situated'" to them.  *Id.* at 555.  To meet this burden, the plaintiff need only "make a 'modest

factual showing' that they and potential opt-in plaintiffs 'together were victims of a common

policy or plan that violated the law.'"  *Id.* (citations omitted).  Although that burden is modest,

"it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105,

at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735,

2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by

"unsupported assertions," *Myers*, 624 F.3d at 555.  Courts nonetheless employ a "low standard of

2

proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citation omitted).  Courts do not examine "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiff must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiff and that they were all subject to an illegal wage practice.  *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555).  The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## II.   Application

### A.   The Motion to Certify a Collective Is Granted in Part

Plaintiff offers sufficient evidence to conditionally certify a collective of non-managerial, non-tipped kitchen staff who worked at Nona's Pizza at 6100 Riverdale Avenue, including pizza makers, chefs and assistants, preparers, and dishwashers.  Plaintiff has not presented evidence that non-tipped employees (such cashiers and delivery persons) are similarly situated so that they should be included in the collective.

Plaintiff asserts in a sworn affidavit that his co-workers in the kitchen worked more than forty hours per week and did not receive overtime pay.[1]  Canelas Decl. ¶¶ 19–53.  Plaintiff's

---

[1]      Because the Court has reason to question the authenticity of Plaintiff's affidavit, the Court will schedule a hearing with Plaintiff to assess his signature and whether he reviewed and fully comprehended his attestations before signing under penalty of perjury.

affidavit includes the names of those co-workers, their job titles, details about their background and appearance, his relationship with them, and the frequency of his interactions with them.  His affidavit also describes how he knows their pay rates, which, although hearsay as to some, *see id.* ¶¶ 25, 39, is sufficient, though just barely, to maintain conditional certification here; the Court gives those statements due weight, but need not disregard them altogether.  *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012); *See Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." (quoting *Hernandez v. Bare Burger Dio Inc*., No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)).

Although Plaintiff moves to include all non-managerial employees in his collective, Plaintiff's affidavit does not offer sufficient evidence to pull in miscellaneous or tipped employees, such as cashiers and delivery workers.  *See* Canelas Aff. ¶¶ 54–101.  Tipped employees were paid hourly, not, as he was, at a flat weekly rate.  And his affidavit does not contend, as Plaintiff's brief asserts, that those "hourly rate[s] remained the same for all hours they worked."  Pl.'s Mem. of Law at 4.  Plaintiff's affidavit attests either that he does not know the employee's compensation or knows only their base hourly rate.  Plaintiff's affidavit also relies more heavily on "information and belief" garnered from hearsay than it did with respect to kitchen employees.  The Court thus cannot infer that hourly, tipped employees were also denied time-and-a-half for overtime, and, absent evidence of a common policy extending to them, cannot include them in the certified collective.  *See, e.g.*, *Reyes v. The Picnic Basket, Inc.*, No. 18-CV-140, Dkt. 39, at 3–4 (S.D.N.Y. May 22, 2018); *Yang v. Asia Market Corp*., No. 17-CV-6886, 2018 WL 2227607, at *3 (S.D.N.Y. April 3, 2018).

For all these reasons, Plaintiff's motion for a collective is granted as to kitchen staff, including pizza makers, chefs and assistants, preparers, and dishwashers, who worked at Nona's Pizza any time during the period beginning three years prior to the filing of the Complaint and continuing until the present.

### B.   The Application for Discovery of Potential Plaintiffs' Contact Information Is Granted in Part

Having concluded that it is appropriate to conditionally certify a collective, the Court orders Defendants to provide to Plaintiff's counsel the contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective.  *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." (quoting *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016)).  Defendants object that Plaintiff's request for contact information is overbroad, *see* Defs.' Opp. (Dkt. 46) at 13, but the Court need not resolve this dispute now.  The parties must meet and confer to identify contact information within Defendants' possession that they can reasonably provide.

### C.   Some Aspects of the Proposed Notice Must Be Modified

"The form of notice and its details are left to the broad discretion of this Court."  *Ramos v. Platt*, No. 13-CV-8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).  The Court finds that some revisions must be made to Plaintiff's proposed notice.

First, the Court orders that the notice be directed only to non-tipped, kitchen employees certified in the collective above who worked at Nona's Pizza.  Second, references to NYLL

claims must be removed.  Third, the notice must make clear that by not joining the lawsuit, the potential collective member does not give up any rights, including the right to sue under the FLSA at a later date in a different lawsuit.  Third, the language in the proposed notice and consent form relating to attorneys' fees must be modified.  It must make clear that the decision whether to award such fees (and in what amount) will be made solely by the Court, in its discretion.  Fourth, the proposed consent form must offer the opt-in plaintiff the option of obtaining their own counsel, as they need not be represented by Troy Law.

Defendants object that the proposed notice does not include language about Defendants' defenses.  Defs.' Opp. at 12.  The proposed notice indicates that Defendants deny Plaintiff's allegations; that is sufficient for notice purposes, and this objection is overruled.  Defendants also object that the notice should include defense counsel's information.  *Id.*  This objection is also overruled.  The Court sees no legitimate purpose for providing potential opt-in members with this information; there is only the potential for confusion, or worse.  Defendants lastly object to Plaintiff's request for an order that Defendants post the proposed notice around Nino's Pizza's premises.  *Id.* at 13–14.  The Court agrees with Plaintiff that this adds little marginal value to sending the notice to employees and former employees electronically and via mail.  Requiring Defendants to post the notice on their premises would burden their business with unnecessary publicity of a lawsuit against them.  This objection is sustained.

The parties disagree whether a 30- or 90-day notice period is warranted.  The Court does not need to decide this issue now.  The parties must try to resolve this issue on their own, considering what notice period is reasonable to accommodate pandemic-related hurdles.

No later than **June 10, 2020**, the parties must meet and confer and jointly submit a revised proposed notice and consent form.  The parties must also submit a letter outlining any

remaining points of disagreement and stating whether the notice needs to be translated into languages other than English.  If the parties disagree on any particular provisions, the submission must quote each party's preferred language.

### D.     Tolling of the Statute of Limitations Is Denied

Plaintiff requests that the Court equitably toll the FLSA's statute of limitations for potential members of the collective while Plaintiff attempts to effect notice.  To apply equitable tolling, the Court must find that a plaintiff has satisfied two strict conditions: (1) that extraordinary circumstances prevented the plaintiff from timely filing his or her claim, and (2) that the plaintiff pursued his or her claim with reasonable diligence during the requested period.  *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014).  Plaintiff points to no delay that would prejudice future opt-in plaintiffs.  The notice will be sent to those plaintiffs shortly, and Plaintiff's motion for conditional certification was resolved by this Court in less than two months.  *See Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-CV-04661, 2019 WL 3759126, at *11 (S.D.N.Y. July 25, 2019) (collecting cases where "courts have tolled the statute of limitations for the claims of potential opt-in plaintiffs for the period of time that a motion for conditional certification has been *sub judice*").  Plaintiff's request for equitable tolling during the notice period is denied.  The Court will address tolling questions on a case-by-case basis.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for conditional certification of a collective is GRANTED in part.  The Court conditionally certifies a collective of non-managerial, non-tipped kitchen staff, including pizza makers, chefs and assistants, preparers, and dishwashers, who worked at Nona's Pizza at any time between June 29, 2016, and the present. Defendants are ordered to provide to Plaintiff's counsel contact information (including names, addresses, email addresses, and telephone numbers) and dates of employment for all potential

members of the collective no later than **June 10, 2020**.  The proposed notice and consent form must be modified consistent with this Order, and the parties must confer on any remaining objections to the form, opt-in period, or means of distribution of the notice.  Plaintiff's request for equitable tolling during the notice period is denied.

No later than **June 10, 2020**, the parties must jointly submit a revised proposed notice and a letter outlining any remaining points of disagreement.  If the notice needs to be translated into a language other than English, the submission must indicate whether the parties have agreed on a proposed translation of the notice.  The parties must also propose a date on a Friday – assuming they have agreed upon an opt-in period – for a conference with this Court to set a discovery schedule, as the stay on discovery in this case remains in place.

A hearing to assess the authenticity of Plaintiff's affidavit is scheduled for **June 4, 2020, at 11:00 a.m.** at Courtroom 443, 40 Foley Square, New York, New York.  If the courthouse is still operating on a limited basis from COVID-19 precautions, the Court will either adjourn the hearing or distribute details for a remote proceeding.

The Clerk is respectfully directed to close the open motion at Dkt. 43.

**SO ORDERED.**

Date:  May 11, 2020             **VALERIE CAPRONI**
       New York, New York             **United States District Judge**